# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**PAOLA VALENZUELA,**
**# 70901-019,**

    **Plaintiff,**

vs.                                                          Case No. 4:24-cv-357-MW-MAF

**UNITED STATES OF AMERICA,**
**FEDERAL BUREAU OF PRISONS,**
**et al.,**

    **Defendants.**
**_____/**

## REPORT AND RECOMMENDATION

    In a prior Order, the pro se Plaintiff was required to file a proper "amended complaint" on the Court form as required by Local Rule 5.7(A) by February 18, 2025. ECF Nos. 15, 18. Additionally, Plaintiff indicated that she would be paying the filing fee for this case, ECF No. 14, and she submitted a partial payment of $200.00 on January 28, 2025. ECF No. 17. Plaintiff was advised that because she was not granted in forma pauperis status, she was required to paying the full amount of the filing fee, which is $405.00. ECF No. 18. Plaintiff was given additional time - also until **February 18, 2025** - to pay the balance of the fee - $205.00. *Id.*

As of this date, nothing further has been received from Plaintiff. She has not paid the remaining balance of the filing fee and has not filed an amended complaint, despite being warned that if she failed to comply, a recommendation would be entered to dismiss this case. It would appear that Plaintiff has now abandoned this litigation and, thus, this case should be dismissed for failure to prosecute.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1. Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It is

within this Court's discretion and "inherent authority" to dismiss a case for failing to comply with a court Order.  Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011).  Here, Plaintiff was forewarned in multiple Orders that if she did not comply, a recommendation would be made to dismiss this case.  ECF Nos. 12, 15, and 18.  Dismissal is now appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on March 3, 2025.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:24cv357-MW-MAF